UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


DOUGLAS GABRIEL HIPPEN,

                    Petitioner,

v.                                    Case No. 3:15-cv-856-J-34JRK

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,
                    Respondents.

_____

**ORDER**

**I. Status**

Petitioner Douglas Gabriel Hippen, an inmate of the Florida
penal system, initiated this action on July 8, 2015, by filing a
pro se Petition for Writ of Habeas Corpus (Petition; Doc. 1) under
28 U.S.C. § 2254. In the Petition, Hippen challenges a 2013 state
court (Duval County, Florida) judgment of conviction for driving
under the influence (DUI) manslaughter. Respondents have submitted
a memorandum in opposition to the Petition. See Respondents' Answer
in Response to Order to Show Cause and Petition for Writ of Habeas
Corpus (Response; Doc. 18) with exhibits (Resp. Ex.). On August 29,
2016, the Court entered an Order to Show Cause and Notice to
Petitioner (Doc. 9), admonishing Hippen regarding his obligations
and giving Hippen a time frame in which to submit a reply. When he
failed to file a reply, the Court directed Hippen to show cause, by
April 16, 2018, why this case should not be dismissed for his

failure to either reply to the Response or notify the Court that he did not intend to reply. See Order to Show Cause (Doc. 28), filed March 14, 2018. As of the date of this Order, Hippen has not submitted a brief in reply. This case is ripe for review.

## II. Procedural History

On August 1, 2012, the State of Florida charged Hippen with DUI manslaughter (count one), and vehicular manslaughter (count two). See https://core.duvalclerk.com, Case No. 16-2012-CF-006883-AXXX-MA, docket entries 17, 18, Information. Hippen pled guilty to DUI manslaughter on May 13, 2013. See Resp. Ex. A at 58-59, Plea of Guilty and Negotiated Sentence; 70-81, Plea Proceeding (Plea Tr.). On July 9, 2013, the trial court sentenced him to a term of incarceration of ten years followed by a term of five years of probation. See Resp. Ex. A at 60-69, Judgment; 82-94, Sentencing Hearing (Sentencing Tr.). He did not pursue a direct appeal of the judgment and sentence.

On August 1, 2014, Hippen filed a pro se motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 (Rule 3.850 motion). See Resp. Ex. A at 1-30. In his request for post-conviction relief, Hippen asserted that counsel (Ann E. Finnell) was ineffective because she failed to: object to the prosecutor's breach of the plea agreement (ground one); and advise Hippen that he could file a motion to disqualify the judge (ground two); and investigate and advise Hippen of a viable defense

2

regardless of her acknowledged conflict of interest (ground three). Additionally, Hippen states that counsel was ineffective because she misinformed him that a term of probation was statutorily mandated following a prison term for DUI manslaughter (ground four), and misadvised him to withdraw dispositive motions and enter a guilty plea (ground five). The circuit court denied his Rule 3.850 motion on February 26, 2015. See id. at 45-98. Hippen filed a pro se brief, see Resp. Ex. B, and the appellate court affirmed the circuit court's denial of post-conviction relief per curiam on June 19, 2015, see Resp. Ex. C. The mandate issued on July 15, 2015. See Resp. Ex. D.

### III. One-Year Limitations Period

The Petition appears to be timely filed within the one-year limitations period. See 28 U.S.C. § 2244(d).

### IV. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for a federal evidentiary hearing. See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007); Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318-19 (11th Cir. 2016), cert.

denied, 137 S.Ct. 2245 (2017). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Schriro, 550 U.S. at 474. The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [Hippen's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

## V. Governing Legal Principles

### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs a state prisoner's federal petition for habeas corpus. See Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S.Ct. 1432 (2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" Id. (quoting Greene v. Fisher, 565 U.S. 34, 38 (2011) (quotation marks omitted)). As such, federal habeas review of final state court decisions is "'greatly circumscribed' and 'highly deferential.'" Id. (quoting Hill v. Humphrey, 662 F.3d 1335, 1343 (11th Cir. 2011) (quotation marks omitted)).

The first task of the federal habeas court is to identify the last state court decision, if any, that adjudicated the claim on the merits. See Marshall v. Sec'y, Fla. Dep't of Corr., 828 F.3d 1277, 1285 (11th Cir. 2016). The state court need not issue an opinion explaining its rationale in order for the state court's decision to qualify as an adjudication on the merits. See Harrington v. Richter, 562 U.S. 86, 100 (2011). Where the state court's adjudication on the merits is unaccompanied by an explanation, the United States Supreme Court recently stated:

> [T]he federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning.

Wilson v. Sellers, 138 S.Ct. 1188, 1192 (2018). The presumption may be rebutted by showing that the higher state court's adjudication most likely relied on different grounds than the lower state court's reasoned decision, such as persuasive alternative grounds that were briefed or argued to the higher court or obvious in the record it reviewed. Id. at 1192, 1196.

If the claim was "adjudicated on the merits" in state court, § 2254(d) bars relitigation of the claim unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding." 28 U.S.C. § 2254(d);

Richter, 562 U.S. at 97-98. As the Eleventh Circuit has explained:

> First, § 2254(d)(1) provides for federal review for claims of state courts' erroneous legal conclusions. As explained by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000), § 2254(d)(1) consists of two distinct clauses: a "contrary to" clause and an "unreasonable application" clause. The "contrary to" clause allows for relief only "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413, 120 S. Ct. at 1523 (plurality opinion). The "unreasonable application" clause allows for relief only "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.

> Second, § 2254(d)(2) provides for federal review for claims of state courts' erroneous factual determinations. Section 2254(d)(2) allows federal courts to grant relief only if the state court's denial of the petitioner's claim "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has not yet defined § 2254(d)(2)'s "precise relationship" to § 2254(e)(1), which imposes a burden on the petitioner to rebut the state court's factual findings "by clear and convincing evidence." See Burt v. Titlow, 571 U.S. ---, ---, 134 S. Ct. 10, 15, 187 L.Ed.2d 348 (2013); accord Brumfield v. Cain, 576 U.S. ---, ---, 135 S. Ct. 2269, 2282, 192 L.Ed.2d 356 (2015). Whatever that "precise relationship" may be, "'a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different

conclusion in the first instance.'"[1] <u>Titlow</u>,
571 U.S. at ---, 134 S. Ct. at 15 (quoting
<u>Wood v. Allen</u>, 558 U.S. 290, 301, 130 S. Ct.
841, 849, 175 L.Ed.2d 738 (2010)).

<u>Tharpe v. Warden</u>, 834 F.3d 1323, 1337 (11th Cir. 2016), <u>cert</u>.
<u>denied</u>, 137 S.Ct. 2298 (2017). Also, deferential review under §
2254(d) generally is limited to the record that was before the
state court that adjudicated the claim on the merits. <u>See</u> <u>Cullen v.</u>
<u>Pinholster</u>, 563 U.S. 170, 182 (2011) (stating the language in §
2254(d)(1)'s "requires an examination of the state-court decision
at the time it was made").

Thus, "AEDPA erects a formidable barrier to federal habeas
relief for prisoners whose claims have been adjudicated in state
court." <u>Burt v. Titlow</u>, 134 S.Ct. 10, 16 (2013). "Federal courts
may grant habeas relief only when a state court blundered in a
manner so 'well understood and comprehended in existing law' and
'was so lacking in justification' that 'there is no possibility
fairminded jurists could disagree.'" <u>Tharpe</u>, 834 F.3d at 1338
(quoting <u>Richter</u>, 562 U.S. at 102-03). This standard is "meant to
be" a "difficult" one to meet. <u>Richter</u>, 562 U.S. at 102. Thus, to
the extent that Hippen's claims were adjudicated on the merits in
the state courts, they must be evaluated under 28 U.S.C. § 2254(d).

---

[1] The Eleventh Circuit has described the interaction between
§ 2254(d)(2) and § 2254(e)(1) as "somewhat murky." <u>Clark v. Att'y</u>
<u>Gen., Fla.</u>, 821 F.3d 1270, 1286 n.3 (11th Cir. 2016), <u>cert</u>. <u>denied</u>,
137 S.Ct. 1103 (2017).

## B. Ineffective Assistance of Trial Counsel

"The Sixth Amendment guarantees criminal defendants the effective assistance of counsel. That right is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citing Wiggins v. Smith, 539 U.S. 510, 521 (2003), and Strickland v. Washington, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [Strickland,] 466 U.S. at 688, 104 S.Ct. 2052. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. Id., at 689, 104 S.Ct. 2052. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id., at 687, 104 S.Ct. 2052.

> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., at 694, 104 S.Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Id., at 693, 104 S.Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id., at 687, 104 S.Ct. 2052.

Richter, 562 U.S. at 104. The Eleventh Circuit has recognized "the absence of any iron-clad rule requiring a court to tackle one prong of the Strickland test before the other." Ward v. Hall, 592 F.3d 1144, 1163 (11th Cir. 2010). Since both prongs of the two-part Strickland test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." Id. (citing Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000)). As stated in Strickland: "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

The United States Supreme Court has long recognized that Strickland's two-part inquiry applies to ineffective assistance of counsel claims arising out of the plea process. See Hill v. Lockhart, 474 U.S. 52, 57 (1985).[2] In 2012, in companion decisions in Missouri v. Frye, 566 U.S. 134 (2012), and Lafler v. Cooper, 566

---

[2] In the context of an ineffective assistance challenge to the voluntariness of a guilty or no contest plea, a petitioner must show there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59 (1985); see Lynch v. Sec'y, Fla. Dep't of Corr., 776 F.3d 1209, 1218 (11th Cir. 2015) (citation omitted) (stating that, to succeed on a claim that counsel was ineffective because he advised petitioner to plead guilty, petitioner "must prove that: (1) counsel's advice was deficient; and (2) 'but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial'"), cert. denied, 136 S.Ct. 798 (2016).

U.S. 156 (2012), the Supreme Court clarified that the Sixth Amendment right to the effective assistance of counsel extends specifically "to the negotiation and consideration of plea offers that lapse or are rejected." In re Perez, 682 F.3d 930, 932 (11th Cir. 2012) (per curiam) (footnote omitted). In Lafler, the parties agreed that counsel's performance was deficient when he advised the defendant to reject the plea offer on the grounds he could not be convicted at trial. See 566 U.S. at 163. Thus, the Supreme Court articulated a three-part test to prove prejudice in the context of a foregone guilty plea.

> In contrast to Hill, here the ineffective advice led not to an offer's acceptance but to its rejection. Having to stand trial, not choosing to waive it, is the prejudice alleged. In these circumstances a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Id. at 163-64; see Frye, 566 U.S. at 147; Gissendaner v. Seaboldt, 735 F.3d 1311, 1317-19 (11th Cir. 2013).

A state court's adjudication of an ineffectiveness claim is accorded great deference.

> "[T]he standard for judging counsel's representation is a most deferential one."

> *Richter*, - U.S. at -, 131 S.Ct. at 788. But
> "[e]stablishing that a state court's
> application of *Strickland* was unreasonable
> under § 2254(d) is all the more difficult. The
> standards created by *Strickland* and § 2254(d)
> are both highly deferential, and when the two
> apply in tandem, review is doubly so." *Id.*
> (citations and quotation marks omitted). "The
> question is not whether a federal court
> believes the state court's determination under
> the *Strickland* standard was incorrect but
> whether that determination was unreasonable -
> a substantially higher threshold." *Knowles v.
> Mirzayance*, 556 U.S. 111, 123, 129 S.Ct. 1411,
> 1420, 173 L.Ed.2d 251 (2009) (quotation marks
> omitted). If there is "any reasonable argument
> that counsel satisfied *Strickland*'s
> deferential standard," then a federal court
> may not disturb a state-court decision denying
> the claim. *Richter*, - U.S. at -, 131 S.Ct. at
> 788.

*Hittson v. GDCP Warden*, 759 F.3d 1210, 1248 (11th Cir. 2014);

*Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). "In addition to

the deference to counsel's performance mandated by *Strickland*, the

AEDPA adds another layer of deference--this one to a state court's

decision--when we are considering whether to grant federal habeas

relief from a state court's decision." *Rutherford v. Crosby*, 385

F.3d 1300, 1309 (11th Cir. 2004). As such, "[s]urmounting

*Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*,

559 U.S. 356, 371 (2010).

## VI. Findings of Fact and Conclusions of Law

### A. Ground One

As ground one, Hippen asserts that counsel was ineffective

because she failed to object to the prosecutor's breach of the plea

agreement. <u>See</u> Petition at 5-6. He raised the claim in his Rule 3.850 motion in state court. <u>See</u> Resp. Ex. A at 10-14. The Court ultimately denied the post-conviction motion with respect to the claim, stating in pertinent part:

> Indeed, it is well-settled in Florida that a defendant may not seek to go behind the sworn testimony given during the plea hearing in a motion seeking postconviction relief, and later allege counsel was ineffective. <u>Stano v. State</u>, 520 So.2d 278, 280 (Fla. 1988); <u>Bir v. State</u>, 493 So.2d 55, 56 (Fla. 1st DCA 1986); <u>Dean v. State</u>, 580 So.2d 808, 810 (Fla. 3d DCA 1991); <u>see also</u> <u>Iacono v. State</u>, 930 So.2d 829, 831 (Fla. 4th DCA 2006) ("A defendant is not entitled to rely on an attorney's advice to commit perjury above the solemn oath that the defendant makes to the court to tell the truth.").

> After review of the record, this Court finds all of Defendant's five allegations of ineffective assistance of counsel are refuted by the record. <u>See</u> <u>Stano</u>, 520 So.2d at 280. Foremost, Defendant testified under oath that he was satisfied with counsel's representation of him, and that she had answered all of his questions. (Ex. D at 8.)[3] Similarly, Defendant's plea form, which he acknowledged in open court that he read, understood, and signed, contains the following provisions: "We have fully discussed all aspects of this case, including all possible defenses to all charges, including self-defense and any defense based upon any disability, disease, insanity, or intoxication." (Exs. A, D at 7-8.)[4] In addition, Defendant's plea form contains the following affirmation: "My attorney has taken all actions requested by me, or has explained

---

[3] <u>See</u> Plea Tr. at 77.

[4] <u>See</u> Resp. Ex. A at 59.

to my satisfaction and agreement why such actions should not be taken, and I concur with my attorney's decisions in that regard." (Ex. A.)[5] Since Defendant testified that he was satisfied with counsel's representation of him and provided written testimony indicating the same, he may not go behind his previous sworn testimony and now argue counsel rendered deficient performance. See Stano, 520 So.2d at 280; Bir, 493 So.2d at 56; Dean, 580 So.2d at 810: see also Iacono, 930 So.2d at 831.

To the extent Defendant seeks to argue his plea was involuntarily-entered, the record reflects that Defendant understood the terms that his plea contemplated, the potential sentence he faced, and that the judge would ultimately determine the sentence Defendant would receive. (Ex. D at 5-6.) Defendant further testified that no one threatened him, coerced him, or promised him anything to get him to enter his plea of guilty, and that he was not under the influence o[f] drugs, alcohol, or medication when he entered his plea. (Ex. D at 7.) Defendant affirmed counsel reviewed his plea form with him and he did not have any further questions for her before entering his guilty plea. (Ex. D at 7-8.) Therefore, the record reflects that Defendant entered his plea freely, voluntarily, and knowingly. Out of an abundance of caution, however, this Court will briefly address the merits of Defendant's five instant claims.

First, Defendant contends that counsel failed to object when the prosecutor breached the negotiated plea agreement during the sentencing hearing. (Def.'s Mot. 10.) Specifically, Defendant argues the State agreed to recommend a sentence of no less than 4 years and no more than 10 years FSP, but, during the sentencing hearing, the State recommended a sentence of ten years of incarceration. The State's recommendation,

---

[5] See Resp. Ex. A at 59.

Defendant avers, violated the negotiated agreement.

This Court finds the State did not violate the plea agreement when the prosecutor recommended a sentence of ten years of incarceration. Indeed, the plea agreement negotiated for a sentence of <u>no less than four years, but no more than ten years</u>. (Exs. A, D at 3-4.[6] With a recommendation of ten years of incarceration, the State complied with its end of the bargain, as its recommendation fell within the sentencing recommendation range of four years to ten years. Furthermore, the record indicates that the State argued during the sentencing hearing: "Just to clarify, Your Honor, the State is recommending the ten years. I believe Your Honor rejected what we initially came to the Court with, but it was understood that the State would be recommending ten years." (Ex. E at 6.)[7] The trial judge also remarked that Defendant's plea was "straight up to the Court." (Ex. E at 6-7.)[8]

Because Defendant has failed to establish the State breached the agreement, counsel did not render deficient performance for refraining from objecting to the State's recommendation within the parameters of the agreement. <u>See</u> <u>Willacy v. State</u>, 967 So.2d 131, 140 (Fla. 2007) (citing <u>Maxwell v. Wainwright</u>, 490 So.2d 927, 932 (Fla. 1986)) (stating "counsel is not ineffective for failing to make a futile objection"). Assuming <u>arguendo</u> that counsel was deficient in this respect, Defendant has failed to establish he suffered prejudice, as the trial judge ultimately decided the sentence Defendant would receive, not the State. In imposing [the] sentence upon Defendant, the trial judge specifically found a ten-year prison sentence

---

[6] <u>See</u> Resp. Ex. A at 58; <u>see</u> <u>also</u> Plea Tr. at 73.

[7] <u>See</u> Sentencing Tr. at 87.

[8] <u>See</u> Sentencing Tr. at 88.

> was appropriate based on Defendant's lengthy
> criminal history, abuse of alcohol, and the
> seriousness of the instant offense. (Ex. E at
> 123-27.)[9] Accordingly, Ground One is denied.

Id. at 47-50 (sub-heading deleted). On Hippen's appeal, the appellate court affirmed the trial court's denial of post-conviction relief per curiam. See Resp. Ex. C.

To the extent that the state appellate court affirmed the trial court's denial on the merits,[10] the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of the claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Hippen is not entitled to relief on the basis of the claim.

Moreover, even assuming the state appellate court's adjudication of the claim is not entitled to deference, Hippen's claim nevertheless is without merit. In evaluating the performance prong of the Strickland ineffectiveness inquiry, there is a strong

---

[9] See Sentencing Tr. at 89-93.

[10] In looking through the appellate court's affirmance to the trial court's "relevant rationale," this Court presumes that the appellate court "adopted the same reasoning." Wilson, 138 S.Ct. at 1192.

presumption in favor of competence. <u>See</u> <u>Anderson v. Sec'y, Fla.</u> <u>Dep't of Corr.</u>, 752 F.3d 881, 904 (11th Cir. 2014). The presumption that counsel's performance was reasonable is even stronger when, as in this case, defense counsel Ms. Finnell is an experienced criminal defense attorney.[11] The inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." <u>Strickland</u>, 466 U.S. at 690. "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" <u>Rompilla v.</u> <u>Beard</u>, 545 U.S. 374, 381 (2005). Thus, Hippen must establish that no competent attorney would have taken the action that counsel, here, chose.

Notably, the test for ineffectiveness is neither whether counsel could have done more nor whether the best criminal defense attorneys might have done more; in retrospect, one may always identify shortcomings. <u>Waters v. Thomas</u>, 46 F.3d 1506, 1514 (11th Cir. 1995) (stating that "perfection is not the standard of effective assistance") (quotations omitted). Instead, the test is whether what counsel did was within the wide range of reasonable

---

[11] "When courts are examining the performance of an experienced trial counsel, the presumption that his conduct was reasonable is even stronger." <u>Chandler v. United States</u>, 218 F.3d 1305, 1316 (11th Cir. 2000); <u>see</u> <u>Williams v. Head</u>, 185 F.3d 1223, 1229 (11th Cir. 1999). Ms. Finnell was admitted to the Florida Bar in 1979. <u>See</u> http://www.floridabar.org. At the time of Hippen's 2013 guilty plea, Finnell was an experienced trial lawyer.

professional assistance. <u>Ward</u>, 592 F.3d at 1164 (quotations and citation omitted); <u>Dingle v. Sec'y for Dep't of Corr.</u>, 480 F.3d 1092, 1099 (11th Cir. 2007) ("The question is whether some reasonable lawyer at the trial could have acted as defense counsel acted in the trial at issue and not what 'most good lawyers' would have done.") (citation omitted).

On this record, Hippen has failed to carry his burden of showing that his counsel's representation fell outside that range of reasonably professional assistance. Even assuming arguendo deficient performance by defense counsel, Hippen has not shown prejudice. Hippen's ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice. Accordingly, Hippen is not entitled to federal habeas relief on ground one.

## B. Ground Two

As ground two, Hippen asserts that counsel was ineffective because she failed to advise him that he could file a motion to disqualify the trial judge under Florida Rule of Judicial Administration 2.330.[12] <u>See</u> Petition at 7-8. He raised the claim in his Rule 3.850 motion in state court. <u>See</u> Resp. Ex. A at 15-18. The

---

[12] Florida Rule of Judicial Administration 2.330(d)(1) provides that a motion to disqualify must show "that the party fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge . . . ."

Court ultimately denied the post-conviction motion as to the claim, stating in pertinent part:

> Second, Defendant argues counsel failed to advise him that a Motion to Disqualify the trial judge would have been granted on the basis of "specific fear that said judge would not be fair and impartial, and that said motion would compel the judge to recuse himself from the cause." (Def.'s Mot. 15.) In support, Defendant contends counsel told him the trial judge, Judge Kevin Blazs, did "not like homosexuals" and the judge's "bias may affect [Defendant's] case because Defendant is a homosexual male. (Def.'s Mot. 15.) Therefore, Defendant states, had counsel moved to disqualify Judge Blazs, he would have received a lesser sentence from another judge because Judge Blazs would have been forced to recuse himself.
>
> This Court notes a motion for judicial disqualification is legally sufficient if "the facts alleged, which must be assumed to be true, would cause the movant to have a well-founded fear that he or she will not receive a fair trial at the hands of that judge." Parker v. State, 3 So.3d 974, 982 (Fla. 2009). In this regard, "the facts and reasons given for the disqualification of a judge must tend to show 'the judge's undue bias, prejudice, or sympathy.' Where the claim of judicial bias is based on very general and speculative assertions about the trial judge's attitudes, no relief is warranted." Id. (citations omitted).
>
> This Court finds Defendant's instant allegations are utterly speculative with no factual support. In fact, in his instant Motion, Defendant has argued only that counsel told him an alleged bias "may" affect Defendant's case. Such a speculative basis for prejudice does not warrant postconviction relief. See id.; Davis v. State, 736 So.2d 1156, 1159 (Fla. 1999) (holding postconviction relief not warranted on basis of "tenuous speculation"). Additionally, Defendant has

> failed to establish that, even had counsel
> filed a motion to disqualify the judge, the
> judge would have granted such a motion and
> Defendant would have been sentenced by another
> judge. Defendant simply speculates that a
> motion to disqualify would have been granted.
> Accordingly, this Court finds that Defendant
> has failed to meet his postconviction burdens
> in this respect. Ground Two is denied.

Id. at 50-51. On Hippen's appeal, the appellate court affirmed the trial court's denial of post-conviction relief per curiam. See Resp. Ex. C.

To the extent that the state appellate court affirmed the trial court's denial on the merits,[13] the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor was the state court's adjudication based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, Hippen is not entitled to relief on the basis of this claim.

All that is constitutionally required is reasonably effective counsel, not perfect or error-free counsel. "Strickland does not

---

[13] This Court presumes that the appellate court "adopted the same reasoning" as the post-conviction court. Wilson, 138 S.Ct. at 1192.

guarantee perfect representation, only a 'reasonably competent attorney.'" <u>Richter</u>, 562 U.S. at 110 (quoting <u>Strickland</u>, 466 U.S. at 687) (internal quotation omitted). In the instant action, counsel's representation did not so undermine the proper functioning of the adversarial process that Hippen was deprived of a fair process. Notably, "there is no expectation that competent counsel will be a flawless strategist or tactician." <u>Id.</u> Indeed, an attorney "may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." <u>Id.</u>

On this record, Hippen has failed to carry his burden of showing that his counsel's representation fell outside that range of reasonably professional assistance. Even assuming arguendo deficient performance by defense counsel, Hippen has not shown any resulting prejudice. He has not shown that a reasonable probability exists that the outcome of the case would have been different if counsel had advised him that he could file a motion to disqualify the trial judge under Florida Rule of Judicial Administration 2.330. His ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice. Accordingly, Hippen is not entitled to federal habeas relief on ground two.

## C. Ground Three

As ground three, Hippen asserts that counsel was ineffective because she misadvised him that a term of probation was statutorily mandated following a prison term for DUI manslaughter. <u>See</u> Petition at 9-10. He raised the claim in his Rule 3.850 motion in state court. <u>See</u> Resp. Ex. A at 24-25. The Court ultimately denied the post-conviction motion with regard to the claim, stating in pertinent part:

> Fourth, Defendant contends counsel misadvised him that, following a prison sentence for the instant offense, a term of probation was mandatory. Defendant avers he "understood this mandatory requirement [of probation] to be statutorily mandated, which it is not." (Def.'s Mot. 24.) Thus, Defendant states, had he known probation was not required, he would not have entered his plea and not exposed himself to fifteen years of incarceration. Defendant also argues that counsel failed to warn him of the potential consequences of entering an open plea.
>
> The record shows that Defendant was apprised of the potential exposure he faced with his open plea, i.e., fifteen years in prison plus fines and costs, and Defendant affirmatively acknowledged that he understood such potential exposure. (Ex. D at 6.)[14] The trial judge explained to Defendant at length that, pursuant to his plea, Defendant faced a <u>range</u> of incarceration from four years of incarceration to ten years, and that the judge held complete discretion to decide the sentence Defendant would receive. (Ex. D at 5-6.)[15] Further, during his plea hearing,

---

[14] <u>See</u> Plea Tr. at 75.

[15] <u>See</u> Plea Tr. at 74-75.

Defendant testified under oath that no one had
threatened him, coerced him, or made him any
promises. (Ex. D at 7.) This testimony
includes any promise as to the sentence he
would receive. Finally, as noted <u>supra</u>,
Defendant testified he was satisfied with
counsel's representation of him.[16]

Defendant cannot seek to go behind his
sworn testimony to the trial judge. The record
clearly demonstrates that Defendant had
knowledge of the sentencing range he faced,
that the trial judge would determine
Defendant's sentence,[17] <u>and</u> that Defendant
received a sentence within the range
contemplated by his plea agreement. (Exs. D,
E.) Furthermore, this Court finds Defendant
cannot establish he suffered prejudice,
because he received a sentence of probation to
follow his prison sentence, which is exactly
the same as that which counsel allegedly
advised him. Additionally, the maximum
exposure for the instant offense is fifteen
years of incarceration. <u>See</u> § 316.193(3)(c)3a,
Fla. Stat. (2010) (DUI Manslaughter is a
second-degree felony); § 775.082(3)(d), Fla.
Stat. (2011) (maximum punishment for second-
degree felony is fifteen years). Therefore,
Defendant's argument that he would have not
entered his plea because he faced exposure of
fifteen years is without merit. Indeed, it is
not reasonably probable that he would have
refrained from entering his plea because he
faced the same exposure had he proceeded to
trial. Ground Four is denied.

<u>Id.</u> at 52-53. On Hippen's appeal, the appellate court affirmed the

trial court's denial of post-conviction relief per curiam. <u>See</u>

Resp. Ex. C.

---

[16] <u>See</u> Plea Tr. at 77.

[17] <u>See</u> Resp. Ex. A at 58 (stating the "[c]ourt can order
probation to follow"); <u>see also</u> Plea Tr. at 73.

Insofar as the state appellate court affirmed the trial court's denial on the merits,[18] the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of the claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Hippen is not entitled to relief on the basis of the claim.

Even assuming arguendo deficient performance by defense counsel, Hippen has not shown any resulting prejudice. He has not shown a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill</u>, 474 U.S. at 59. As part of the plea agreement, the State agreed to recommend a term of imprisonment of "no less than 4 years and no more than 10 years" for DUI manslaughter, a second degree felony. <u>See</u> Resp. Ex. A at 58; Plea Tr. at 73 (counsel acknowledging the State's agreed-upon recommendation); Sentencing Tr. at 87. If Hippen had proceeded to trial, and the jury had found him guilty of DUI manslaughter, he would have faced a possible term

---

[18]     <u>See</u> <u>Wilson</u>, 138 S.Ct. at 1192.

of imprisonment of fifteen years.[19] See Plea Tr. at 73. The Court explained:

> This is on a negotiated -- plea of guilty and negotiated sentence form, but just so that you're clear, Mr. Hippen, you are charged with DUI manslaughter, a second-degree felony, punishable by up to 15 years in prison, plus fines and costs. There is a four-year minimum mandatory.
>
> The State is going to drop the second count [(vehicular homicide)] against you, so we will just talk about the first. . . .

Id. at 74. Accordingly, Hippen is not entitled to federal habeas relief on ground three.

### D. Ground Four

As ground four, Hippen asserts that counsel was ineffective because she misadvised him to withdraw pending dispositive motions and enter a guilty plea to DUI manslaughter. See Petition at 11-12. He raised the claim in his Rule 3.850 motion in state court. See Resp. Ex. A at 26-28. The Court ultimately denied the post-conviction motion with regard to the claim, stating in pertinent part:

> In his fifth ground for relief, Defendant argues counsel misadvised him to withdraw his two dispositive motions to suppress even though he had a viable defense available to Vehicular Homicide, the charge which the State nol prossed in exchange for Defendant's plea. In support, Defendant contends the motions to suppress would have been granted as follows: (1) the State failed to properly obtain his

---

[19] See Fla. Stat. §§ 316.193(3)(c)3a, 775.082.

medical records, and (2) the State unlawfully obtained his blood without a warrant. Since the motions to suppress would have been granted, Defendant avers, the State would have proceeded on the Vehicular Homicide charge, but the evidence showed that Defendant was not driving in a reckless manner, such to constitute Vehicular Homicide. Therefore, Defendant argues, he would have never entered a plea of guilty and would have proceeded to trial.

This Court notes courts have held that, "[b]y entering a plea to the charges, [a defendant] waived his right to have counsel investigate or put forward a defense, including filing motions to suppress." Clift v. State, 43 So.3d 778, 770 (Fla. 1st DCA 2010 (citing Davis v. State, 938 So.2d 555, 557 (Fla. 1st DCA 2006)). As such, this Court finds that, when Defendant pled guilty, he waived his right to require counsel to put forward a defense on his behalf. Indeed, during Defendant's plea hearing, the trial judge informed Defendant that, by entering his plea, the judge would sentence Defendant without having heard or adjudicated Defendant's motions to suppress. (Ex. D at 9.)[20] The record indicates that Defendant then voluntarily waived his right to have his motions to suppress heard, even after counsel advised him of the case law precedent in support of said motions. (Ex. D at 9.) This Court finds Defendant may not now seek to go behind this sworn testimony which is contrary to his instant allegations.

Assuming arguendo that Defendant did not validly waive his right to have his motions to suppress heard, this Court notes where a defendant alleges that counsel was ineffective for failing to litigate a Fourth Amendment claim, the defendant must also prove that the Fourth Amendment claim is meritorious and that a motion to suppress based on the claim would

---

[20] See Plea Tr. at 78.

have been granted and the evidence would have
been suppressed. <u>Kormondy v. State</u>, 983 So.2d
418, 430 (Fla. 2007); <u>Zakrzewski v. State</u>, 866
So.2d 688, 694 (Fla. 2003). This Court finds
Defendant has failed to establish the motions
to suppress would have been granted and the
evidence would have been suppressed. Foremost,
Defendant has merely argued that, after
counsel researched the applicable law, counsel
"determined that the motion <u>may</u> succeed."
(Def.'s Mot. 26.) Therefore, this Court finds
Defendant has failed to meet his
postconviction burdens. As to Defendant's
assertions that he would have proceeded to
trial on the charge of Vehicular Homicide and
the evidence did not support said offense,
this Court notes the record indicates
otherwise. Rather, the Affidavit of Arrest
Warrant indicates eyewitnesses reported that
Defendant traveled at a high rate of speed and
failed to negotiate a left hand curve. (Ex.
G.)[21] <u>See</u> § 782.071, Fla. Stat. (2001);
<u>Rubinger v. State</u>, 98 So.3d 659, 662 (Fla. 4th
DCA 2012). Accordingly, Ground Five is denied.

<u>Id.</u> at 53-54 (emphasis deleted). On Hippen's appeal, the appellate
court affirmed the trial court's denial of post-conviction relief
per curiam. <u>See</u> Resp. Ex. C.

To the extent that the state appellate court affirmed the
trial court's denial on the merits,[22] the Court will address the
claim in accordance with the deferential standard for federal court
review of state court adjudications. After a review of the record
and the applicable law, the Court concludes that the state court's
adjudication of this claim was not contrary to clearly established

---

[21] <u>See</u> Resp. Ex. A at 95, Affidavit for Arrest Warrant.

[22] <u>See</u> <u>Wilson</u>, 138 S.Ct. at 1192.

federal law and did not involve an unreasonable application of clearly established federal law. Nor was the state court's adjudication based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Hippen is not entitled to relief on the basis of the claim.

On this record, Hippen has failed to carry his burden of showing that his counsel's representation fell outside that range of reasonably professional assistance. Even assuming arguendo deficient performance by defense counsel, he has not shown any resulting prejudice. His ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice. Accordingly, Hippen is not entitled to federal habeas relief on ground four.

## VII. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Hippen seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Hippen "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve

encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. <u>See Slack</u>, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id.</u> Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.  The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.  The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.  If Hippen appeals the denial of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted,

the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4.    The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of May, 2018.

MARCIA MORALES HOWARD
United States District Judge

sc 5/21
c:
Douglas Gabriel Hippen, FDOC #J26456
Counsel of Record